# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA ANN OWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-1036-JTM-GEB |
| | ) |
| DISTRICT COURT OF SEDGWICK | ) |
| COUNTY, 18th JUDICIAL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff Teresa Ann Owen's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 11.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

## Background

Plaintiff files this action in an apparent attempt for she and her husband, David Owen, to regain custody of their two daughters.[2] Copies of court documents attached to Plaintiff's (Amended) Complaint demonstrate the children were removed from Plaintiff and her husband's home in January 2011 through Child in Need of Care proceedings in the Juvenile Division of the Sedgwick County District Court (ECF No. 7-1, at 23, 116-141, sealed.) In August 2011, the State of Kansas requested termination of the Owens' parental rights (ECF No. 7-1, at 144-171), and it appears the children remained in state custody for approximately one year. After numerous court proceedings, in January 2012, Plaintiff and her husband agreed to the appointment of permanent custodians for the children (ECF No. 7-1, at 182-191, sealed), and Plaintiff was ordered to pay child support (ECF No. 7-1, at 216-236). Plaintiff now claims her agreement to permanent custodianship was coerced or invalid for various reasons (ECF No. 7-1, at 193, sealed), despite that the state court specifically asked the parents whether they were coerced in any way—and they answered in the negative—prior to entry of the final order (ECF No. 7-1, at 186, sealed).

In Plaintiff's pleadings, she lists a number of entities before which she has either lodged complaints or attempted to appeal the determination of custody, including the Kansas Court of Appeals, the U.S. Department of Health and Human Services, the U.S. Department of Education, the Federal Bureau of Investigation, the Department of Justice, and other agencies. Plaintiff specifically notes the Kansas Court of Appeals has dismissed their appeals. (ECF No. 7, at 4.)

---

[2] It appears, from documents attached to Plaintiff's Amended Complaint (see ECF No. 7-1, at 238) that one daughter has now reached the age of 18.

On February 10, 2017, Plaintiff filed her initial *pro se* complaint against the District Court of Sedgwick County, Eighteenth Judicial District; the Kansas Department for Children and Families; and two social workers involved with the CINC proceeding (ECF No. 1). After Plaintiff was notified that her filings were not redacted of personal identifying information, Plaintiff filed an Amended Complaint (ECF No. 7). In Plaintiff's pleadings, she claims the children's removal violated her First Amendment right to religious freedom, her Fourteenth Amendment parental rights, and the Americans with Disability Act, based upon she and her husband's apparent disabilities. As relief, she specifically seeks to regain custody of both daughters, and asks that the child support judgment be overturned. She also seeks more than $16 million in punitive damages, on behalf of herself, each of her children, and her husband, David Owen.

After filing her initial Complaint, Plaintiff filed an ex parte application for an order giving custody of the children to their parents (ECF No. 5). U.S. District Judge J. Thomas Marten denied the motion, finding this federal court "lacks jurisdiction to modify or declare void a child custody decision of the state court." (Mem. and Order, ECF No. 6).

## Analysis

As recited above, although Plaintiff has been permitted to proceed with her case in forma pauperis under 28 U.S.C. § 1915(e)(2), that statute requires the Court to examine the pleadings for merit when determining Plaintiff's financial ability to pursue the action. The Court, on its own motion, must dismiss the case if it finds the action: 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Additionally, Fed. R. Civ. P. 12(h)(3) requires the

Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction."[3]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

Because Plaintiff proceeds pro se, her pleadings must be liberally construed.[4] However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[6]

Despite the Court's lack of duty to search the rather expansive records submitted by Plaintiff,[7] the Court has thoroughly reviewed the documents attached to Plaintiff's pleadings.  These records contain copies of Sedgwick County Court documents, school records, letters from the children's physicians, psychological evaluations of the parents, and various narratives by Plaintiff protesting the contents of those documents.  Nothing the Court reviewed makes this case appear anything but an attempt to overturn the child custody order of the state court.  In fact, Plaintiff's own Complaint and Amended Complaint seek as relief that "David W. and Teresa A. Owen regain custody of A.M. and C.H. Owen" and that the "child support judgment be overthrown." (ECF No.1, at 2, and No. 7, at 2.)

As previously noted by the District Judge (Mem. and Order, ECF No. 6), this Court lacks jurisdiction, or power, over Plaintiff's claims.  Because "federal courts are of limited

---

[3] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[5] *Id*.
[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[7] Plaintiff's original Complaint contains 279 pages of exhibits (ECF No. 1-1); her Amended Complaint contains 238 pages of exhibits (ECF No. 7-1).

jurisdiction, they must have a statutory basis for their jurisdiction.[8]  Although Plaintiff claims violations of her Constitutional rights, the pleadings clearly demonstrate this is a child custody matter.  But the domestic relations exception, articulated by the United States Supreme Court, deprives federal courts of the power to issue divorce, alimony, and child custody decrees.[9]

In addition to the limit on this Court's power under the domestic relations exception, the *Rooker-Feldman* doctrine also prevents this Court from hearing what is essentially the appeal of a state court judgment.[10]  "[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'"[11]  Even though Plaintiff couches her claims as violations of her federal Constitutional rights, such claims are found to be "inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[12]  Here, Plaintiff's current federal claims would not exist, were it not for the state court decisions on child custody and support, and the *Rooker-Feldman* doctrine bars this Court's review of those state court decisions.

---

[8] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:  federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir. 2003)).

[9] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989); *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *4 (D. Kan. Mar. 31, 2005).

[10] *Fellows*, 2005 WL 752129, at *3 (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923)).

[11] *Fellows*, 2005 WL 752129, at *3 (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

[12] *Id*. (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (citation omitted)).

After careful review, and being mindful that she proceeds on a pro se basis, the Court finds Plaintiff has failed to allege a basis for this Court to assume jurisdiction over her claims. Therefore, it is recommended that the Court dismiss this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE RECOMMENDED** that this case be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[13]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 9th day of June 2016.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[13] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).